IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY ANTHONY JEZAK,<br>ID # 338633<br>Petitioner, | )<br>)<br>) | |
| vs. | ) | No. 3:10-CV-0602-M (BH) |
| | ) | |
| RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>Respondent. | )<br>)<br>)<br>) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

On January 22, 2008, petitioner pled guilty to aggravated assault in Cause No. F41860 in the 18th Judicial District Court in Johnson County, Texas, and was sentenced to thirty years' imprisonment. (Petition (Pet.) at 2; State Habeas Transcript[WR-17,037-04] at 10). He did not file an appeal. (Pet. at 2). On October 30, 2009, petitioner filed his state application for writ of habeas corpus. (Pet. at 3; S.H.Tr.:13) On December 16, 2009, the Court of Criminal Appeals denied the application without written order (S.H.Tr.:cover).

Petitioner mailed his federal petition on March 23, 2010. (Pet. at 9). Respondent filed a

1

response on July 30, 2010, and furnished the state court records. No reply brief was filed.

## II. STATUTE OF LIMITATIONS

A. <u>**Antiterrorism and Effective Death Penalty Act of 1996**</u>

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date petitioner's conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

Petitioner concedes that he did not file a direct appeal of his conviction. (Pet. at 3). His state conviction therefore became final for purposes of § 2244(d) at the expiration of the thirty-day time

frame for seeking further direct review of his conviction, on February 21, 2008. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."); TEX. R. APP. PROC. 26.2(a)(1). The facts supporting his claims became known or could have become known prior to this date. Because petitioner filed his petition more than one year after his conviction became final on February 21, 2008, his March 23, 2010 filing is untimely.[1]

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Here, the one-year limitations period expired in February of 2009, before petitioner filed his state writ application on October 30, 2009. The statutory tolling provision therefore does not save his federal petition

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

3

[other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Petitioner does not present argument or evidence that he was prevented from filing his state writ earlier than October 30, 2009, or that he was prevented from filing his federal petition earlier than March 23, 2010. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 10th day of September, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE